THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:25-cv-02315

JANE RODRIGUEZ and
JESUS RODRIGUEZ,

Plaintiffs,

v.

SAFECO INSURANCE COMPANY OF AMERICA
and LIBERTY MUTUAL INSURANCE COMPANY,

Defendants.

## NOTICE OF REMOVAL

Defendants Safeco Insurance Company of America and Liberty Mutual Insurance Company ("Defendants"), by and through their undersigned counsel, Womble Bond Dickinson (US) LLP, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully give notice of the removal of this action from the District Court, Douglas County, Colorado to the United States District Court for the District of Colorado.  In support of said removal, Defendants state as follows:

### INTRODUCTION

1. On July 3, 2025, Plaintiffs initiated this action by filing their Complaint against Defendants in the District Court, Douglas County, Colorado, Case No. 2025CV30702 (the "State Action").  *See* Plaintiffs' Compl., **Exhibit A**.

2. In the State Action, Plaintiffs have alleged that Defendants delayed and/or denied first-party property coverage to them as a result of alleged wind/tornado damage to their residential property that reportedly occurred on June 22, 2023. In their Complaint, Plaintiffs have alleged claims for relief against Defendants for Declaratory Relief, Breach of Insurance Contract, Common Law Bad Faith, and Statutory Bad Faith. *See* Plaintiffs' Compl., attached as **Exhibit A.**

## COMPLIANCE WITH THE RULES

3. All procedural requirements related to the removal of this action have been satisfied.

4. On July 8, 2025, Plaintiffs served Defendants with a Summons and copy of Plaintiffs' Complaint. *See* Return of Service, attached as **Exhibit B**.

5. This Notice of Removal is filed within thirty (30) days of the service of Plaintiffs' Complaint and is, therefore, timely pursuant to 28 U.S.C. §§ 1441 and 1446(b).

6. Concurrent with this Notice of Removal, Defendants will file a Notice of Filing of State Court Records pursuant to 28 U.S.C. § 1446(a) and D.C.Colo.LCivR 81.1. This filing will include a true and correct copy of the State Court docket, and all State Court pleadings, motions, and other papers known to have been served on Defendants.

7. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons (**Exhibit C**) and Plaintiffs' Complaint (**Exhibit A**) are attached to this Notice of Removal.

8. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served on counsel for Plaintiffs.

9. Pursuant to 28 U.S.C. § 1446(d), Defendants will file a Notice of Filing of Notice of Removal in the pending State Action. A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit D**.

10. Pursuant to D.C.Colo.LCivR 81.1, Defendants state that no hearings or motions are pending, nor has any trial been set in the State Action.

11. Pursuant to Fed. R. Civ. P. 81(c), Defendants will present their defenses by pleading at the time prescribed therein and specifically reserve their right to assert all defenses, including those defenses under Fed.R.Civ.P. 12(b).

12. Venue is proper in the United States District Court for the District of Colorado because this District embraces the location where the State Action is pending. *See* 28 U.S.C. § 1446(c).

## DIVERSITY JURISDICTION

13. Plaintiffs' Complaint asserts claims over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because: (a) the parties are citizens of different states; and (b) the amount in controversy exceeds $75,000.

**A.    THE PARTIES ARE CITIZENS OF DIFFERENT STATES**

14. Plaintiffs are citizens of Colorado who own the property and reside at 415 Bexley Lane, Highlands Ranch, Colorado 80126-3546 (the "Residence"). *See* Plaintiffs' Compl., ¶¶ 1, 2, attached as **Exhibit A**. According to the records of the Douglas County Assessor's Office, Plaintiffs own the Residence. Plaintiffs are registered voters in Colorado, and their voter registration is linked to their home address, which is listed as the Residence.

4927-5299-2854

15. Significantly, research has not disclosed any evidence that Plaintiffs are citizens of either New Hampshire or Massachusetts, the jurisdictions in which Defendants are incorporated and maintain their principal place of business, and are, therefore, deemed to be a citizen. Based on investigation and available information, Plaintiffs are citizens of the State of Colorado for diversity purposes. Accordingly, complete diversity of citizenship exists to support the removal of this case.

16. Defendant Safeco Insurance Company of America is incorporated under the laws of the State of New Hampshire and maintains its principal place of business in Boston, Massachusetts. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . .").

17. Defendant Liberty Mutual Insurance Company is incorporated under the laws of the State of Massachusetts and maintains its principal place of business in Boston, Massachusetts. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . .").

18. For purposes of federal diversity jurisdiction, the parties are completely diverse.

**B.  THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

19. While not waiving Defendant's right to contest the issue, Plaintiffs seek a monetary judgment in excess of $75,000, exclusive of interest and costs.

20. In determining the amount in controversy, a court may look to the object sought to be accomplished by the plaintiff's complaint. *Ronzio v. Denver & R.G.W.R. Co.,* 116 F.2d

604, 606 (10th Cir. 1940). "The test for determining the amount in controversy is the pecuniary result to either party which the judgment would produce." *Id.; see also, McPhail v. Deere & Company*, 529 F.3d 947, 954 (10th Cir. 2008) (finding that the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose.)

21. When a defendant seeks federal court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. *Dart Cherokee Basin Operating Company, LLC v. Owens,* 135 S.Ct. 547, 553 (2014). A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Id.* at 554. A notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of . . . other paper from which it may first be ascertained in the case is one which is or has become removable. 28 U.S.C. § 1446(b)(3). Information relating to the amount in controversy in the record of the state proceeding, or in response to discovery, shall be treated as an "other paper." 28 U.S.C. § 1446(c)(3)(A).

22. In this case, Plaintiffs acknowledge that the jurisdictional amount in controversy exceeds $75,000, exclusive of interest and costs, by the filing of their Civil Case Cover Sheet, attached as **Exhibit E**. Pursuant to Colo.R.Civ.P. 8(a): "Each pleading containing an initial claim for relief in a civil action . . . shall be accompanied by a completed Civil Cover Sheet in the form and content of Appendix to Chapters 1 to 17, Form 1.2 (JDF 601), at the time of filing." The Civil Case Cover Sheet requires a plaintiff to categorize the relief sought as either being more or less than $100,000 and must be filed with each pleading containing an initial claim for

relief and shall be served on all parties along with the pleading. *See* Colo.R.Civ.P. at Form JDF 601.

23. Here, in the State Action, on July 3, 2025, Plaintiffs' counsel filed a Civil Case Cover Sheet in which Plaintiffs confirm that they are "seeking a monetary judgment against another party for more than $100,000.00 . . ." *See* **Exhibit E**, State Court Civil Case Cover Sheet. Further, Plaintiffs' representation is supported by the certification of Plaintiffs' counsel pursuant to C.R.C.P. 11 that "the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000. *Id.*

24. The "[Civil Case Cover Sheet] is at least properly considered an 'other paper' under § 1446(b)(3)." *See Paros Properties LLC v. Colorado Casualty Insurance Company*, 835 F.3d 1264, 1272-1273 (10th Cir. 2016). As the Tenth Circuit Court of Appeals has concluded:

> . . . at least one federal district judge in Colorado has determined that the cover sheet is notice that starts the removal clock. *See Henderson v. Target Stores, Inc.*, 431 F.Supp. 2d 1143, 1144 (D. Colo. 2006) (civil cover sheet is an 'other paper' that put the defendant on notice that the amount in controversy exceeded $75,000). We think that view is sound. There is no ambiguity in the cover sheet. And we see no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding (whether or not simplified procedures will apply).

*Id.*

25. Further, in their Complaint, in addition to contractual damages, Plaintiffs demand extra-contractual damages, including "two times the amount of benefits owed under the terms of the policy," plus "costs and attorney's fees pursuant to C.R.S. § 10-3-1116." **Exhibit A**, ¶¶ 101, 102. Accordingly, Plaintiffs' Fourth Claim for Relief for alleged statutory damages further confirms that the jurisdictional threshold of $75,000 is satisfied in this action. *See, e.g., Cox v. Lincoln Nat'l Life Ins. Co.,* No. 10-cv-02544-CMA-MEH, 2010 WL 5129536, *4 (D. Colo.

2010) (the amount in controversy was satisfied when the plaintiff alleged that defendant was required to pay her $40,000 in insurance benefits and also asserted a claim for double damages under C.R.S. § 10-3-1116); *Washington v. Am. Family Mut. Ins. Co.,* No. 12-cv-02229-REB-KLM, 2013 WL 1412327 (D. Colo. 2013) (finding that a plaintiff's claim for statutory damages under C.R.S. § 10-3-1116, including attorneys' fees, was sufficient for establishing the amount in controversy for purposes of removal); *Miera v. Dairyland Ins. Co.,* 143 F.3d 1337, 1340 (10th Cir. 1998) ("The Supreme Court has long held that when a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship.").

26. Based on the foregoing, the jurisdictional amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, this action may properly be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

WHEREFORE, Defendants Safeco Insurance Company of America and Liberty Mutual Insurance Company request that the action now pending in the District Court, Douglas County, Colorado, Case No. 2025CV30702, be removed to the United States District Court for the District of Colorado, and that all further proceedings be heard by this Court.

Respectfully submitted this <u>28th</u> day of July, 2025.

>WOMBLE BOND DICKINSON (US) LLP
>
>*s/ Brian J. Spano*
>Brian J. Spano, Esq.
>1601 19th Street, Suite 1000
>Denver, CO 80202-5835
>Phone: 303.623.9000
>Email: Brian.Spano@wbd-us.com
>
>*Attorney for Defendants*

- 8 -

**CERTIFICATE OF SERVICE**

      I certify that on this 28th day of July, 2025, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed via the CM/ECF system and was served upon the following:

Ivan A. Sarkissian, Esq.
Tyler M. Campbell, Esq.
McConaughy & Sarkissian, P.C.
4725 S. Monaco Street, Suite 200
Denver. CO 80237
(303) 649-0990
isarkissian@mslawpc.com
tcampbell@mslawpc.com

*Attorneys for Plaintiffs*


      WOMBLE BOND DICKINSON (US) LLP


      *s/ Brian J. Spano*
      Brian J. Spano, Esq.

4927-5299-2854